UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANNA FLORES,<br>     Plaintiff<br><br>v.<br><br>Kyle ER, LLC,<br>     Defendant. | § § § § § § § § | Case No. 1:25-cv-617 |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff Anna Flores files this Plaintiff's Original Complaint and would respectfully show the Court as follows:

### **Introduction**

1. Plaintiff brings this action under the Americans with Disabilities Act, as amended, for back pay, front pay, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### **Jurisdiction**

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

### **Venue**

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because (1) it is the judicial district in which Defendant resides; and (2) it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

### **Parties**

4. Plaintiff is an individual who resides in Kyle, Texas.

5. Defendant is a limited liability company, formed and existing under the laws of the State of Texas, and at all times material to this complaint, maintained and operated a business in Kyle, Texas.

**Facts**

6. From March 2016 to September of 2024, Plaintiff worked for Defendant Kyle ER, LLC ("Defendant" or "Company"). Her last position held was Chief Nursing Officer. She reported to Amanda DuPont, CEO and Chief Medical Officer. During her employment, she received no write-ups or criticisms of her performance. To the contrary, she was thanked by the physician members of the Company, Dr. DuPont, Dr. Singh, Dr. Campbell, and Dr. Saemi, for her good performance.

7. Plaintiff has multiple health conditions that are disabilities under the Americans with Disabilities Act. These conditions are private health information protected by HIPAA. Plaintiff shared this private health information with the physician members of the Company, Dr. DuPont, Dr. Singh, Dr. Campbell, and Dr. Saemi. She told Dr. DuPont, Dr. Singh, Dr. Campbell, and Dr. Saemi that she did not want her private health information shared with anyone else. But in violation of HIPAA and against her express wishes, the information was illegally shared with employee(s) of the Company, including Norma Lindstrom, the person whom the Company chose to replace Plaintiff. Lindstrom commented about Plaintiff's medical condition in her hearing, causing her great distress. This comment occurred in early September 2024.

8. On September 3, 2024, Dr. DuPont and Dr. Campbell phoned Plaintiff and informed her that the Company was "replacing her due to her health." Prior to this phone call, Dr. DuPont and Dr. Campbell had decided to replace Plaintiff with Norma Lindstrom, a non-disabled individual.

This decision was approved by the other physician members of the Company, Dr. Singh and Dr. Saemi.

9. After learning that the Company had decided to replace her "due to her health," Plaintiff received a text from Lindstrom, her replacement, informing Plaintiff that the Company had told Lindstrom it was replacing Plaintiff due to her health and apologizing to Plaintiff for taking her job. See Lindstrom text, attached as Exhibit A. Employees Lindstrom and Alicia Bodony and physician members Dr. Singh and Dr. Saemi were aware of Dr. DuPont's and Dr. Campbell's plans to replace Plaintiff due to her health and witnessed Dr. DuPont and Dr. Campbell talking about replacing Plaintiff due to her health. Plaintiff also received unsolicited advice from Dr. Singh that she should seek legal assistance because the Company had acted illegally. The Company instructed Plaintiff to train Lindstrom, her replacement. Plaintiff's last day was September 16, 2024. By terminating Plaintiff on the basis of her disabilities, the Company has violated the Americans with Disabilities Act, as amended. By sharing her private health information in violation of HIPAA and against her express wishes, the Company not only violated HIPAA but created a hostile work environment for Plaintiff based on her disabilities in violation of the Americans with Disabilities Act, as amended.

### **Disability Discrimination under the Americans with Disabilities Act**

10. Plaintiff incorporates the foregoing paragraphs by reference. Plaintiff suffered an adverse employment action, was qualified for her position, and was disabled at the time of the adverse employment action. The Company wrongfully and illegally terminated Plaintiff's employment because of her disabilities in violation of the Americans with Disabilities Act. The Company replaced Plaintiff with a non-disabled individual, Norma Lindstrom. Plaintiff was treated differently than similarly situated employees who are not disabled. In terminating Plaintiff because of her

disabilities, the Company acted intentionally, knowingly, with reckless indifference to Plaintiff's rights, and with malice.

11. As a result of the Company's illegal conduct, Plaintiff has suffered damages, including but not limited to economic damages, including back pay and benefits. Plaintiff has also suffered compensatory damages, including emotional pain, mental anguish, inconvenience, and loss of enjoyment of life. Plaintiff also seeks front pay and benefits, punitive damages, reasonable attorneys' fees, expert fees, costs of suit, and pre- and post-judgment interest as provided by law.

### Hostile Work Environment Based on Disability under the Americans with Disabilities Act

12. Plaintiff incorporates the foregoing paragraphs by reference. By sharing her private health information with other employee(s), including Norma Lindstrom, in violation of HIPAA and against her express wishes, the Company also not only violated HIPAA but created a hostile work environment for Plaintiff based on her disabilities in violation of the Americans with Disabilities Act, as amended. Plaintiff is a qualified individual with disabilities; she was subjected to unwelcome harassment; the harassment was based on her disabilities; and the harassment was severe or pervasive enough to alter the conditions of her employment. In creating a hostile work environment for Plaintiff because of her disabilities, the Company acted intentionally, knowingly, with reckless indifference to Plaintiff's rights, and with malice.

13. As a result of the Company's illegal conduct, Plaintiff has suffered damages, including but not limited to compensatory damages, including emotional pain, mental anguish, inconvenience, and loss of enjoyment of life. Plaintiff also seeks punitive damages, reasonable attorneys' fees, expert fees, costs of suit, and pre- and post-judgment interest as provided by law.

### Jury Trial

14. Plaintiff demands a jury trial and tenders the appropriate fee with this complaint.

**Request for Relief**

Plaintiff respectfully requests that Defendant be cited to appear and answer and that, on final trial, Plaintiff have judgment against Defendant as follows:

1. Direct or general damages in an amount within the jurisdictional limits of the court;

2. Economic damages, including back pay and benefits;

3. Compensatory damages, including emotional pain, mental anguish, inconvenience, and loss of enjoyment of life;

4. Front pay and benefits;

5. Punitive damages;

6. Reasonable attorneys' fees;

7. Expert fees;

8. Prejudgment interest as provided by law;

9. Postjudgment interest as provided by law;

10. Costs of suit; and

11. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

FROST DOMEL PLLC
Emily Frost
State Bar No. 24036601
2499 S. Capital of Texas Hwy
Suite B-203
Austin, Texas 78746
(512) 640-5501
emily@frostdomel.com

By: *[signature]*
Emily Frost